# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK JONES, SR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA FORENSIC MEDICAL GROUP, et al., <br><br> Defendants. | CV F- 04-5218 OWW DLB P <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

**A.    Introduction**

Plaintiff is an inmate proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the second amended complaint, filed July 13, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2  **B.     Plaintiff's Allegations**

3        In the instant case, plaintiff names the following defendants in the second amended
4  complaint: Dr. Taylor Fithian, Medical Director; Minnetta Costa, Program Manager and R.N.;
5  Lavonne Frank, R.N.; Dr. Sampeth Suryadevara; Dr. Nguyen; and Sandy Romo, Dental Assistant.
6        Plaintiff alleges that he received several gunshot wounds on September 6, 2003, and was
7  placed in the custody of the Kings County Sheriff's Department.  Plaintiff generally complains that
8  the doctors and medical staff "have not provided me with reasonable, rational, sufficient, adequate,
9  or effective medical or dental care and treatment."  Plaintiff asserts that "Dr. Suryadevara has
10 rendered ineffective medical treatment."  He alleges that Dr. Suryadevara only prescribed Tylenol for
11 his pain and failed to follow up on stool samples taken despite blood being detected in the samples.
12 He alleges that Dr. Suryadevara failed to refer him to a specialist because he observed "no serious
13 visible injuries."  Plaintiff alleges that defendant R.N. Frank has refused to help him change his
14 treatment and has rendered "inappropriate and un-effective medical assistance to plaintiff."

15       Plaintiff alleges that he is unable to seek any outside dental treatment due to poverty so he
16 has sought dental treatment from Dr. Nguyen and his assistant Sandy Romo.  He alleges that he was
17 denied a "brigged partial" and defendants informed him that "we don't do that at this facility, so
18 when you get out you can have the necessary work done to your teeth."  Plaintiff contends these
19 defendants failed to render the appropriate dental care due to budget constraints and the lack of
20 proper equipment.

21       Plaintiff contends that defendant Fithian, as director, failed to address plaintiff's complaints
22 regarding his medical treatment.

23       Plaintiff alleges that defendant Costa has inappropriately handled the administration of care
24 by her staff.  He also alleges that she has neglected plaintiff due to prejudicial feelings about him.

25 **C.     Discussion**

26       A prisoner's claim of inadequate medical care does not constitute cruel and unusual
27 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
28

needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff has not alleged that any individual knew of and disregarded his medical needs. Throughout plaintiff's second amended complaint he references treatment given by the defendants. While plaintiff disagrees with the treatment and is unhappy with defendants in general, his allegations do not rise to the level of deliberate indifference to serious medical needs. The Constitution does not require that plaintiff be given the optimum level of care while incarcerated.

1    Plaintiff's second amended complaint fails to state a claim for deliberate indifference under
2 the Eighth Amendment and therefore must be dismissed in its entirety.  In accordance with the
3 above, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed without
4 leave to amend.  The Court recommends dismissal without leave to amend because plaintiff has
5 already been advised of the deficiencies and granted an opportunity to file an amended complaint.
6 His amended complaint once again fails to state facts sufficient to state a cognizable claim for
7 deliberate indifference to a serious medical need.

8    These findings and recommendations will be submitted to the United States District Judge
9 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
10 days after being served with these findings and recommendations, the parties may file written
11 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  The parties are advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
14 1153 (9th Cir. 1991).

16    IT IS SO ORDERED.

17   **Dated:   May 19, 2006**              **/s/ Dennis L. Beck**
3b142a                                      UNITED STATES MAGISTRATE JUDGE